David J. McGlothlin, Esq. (SBN: 026059)
david@southwestlitigation.com
**Hyde & Swigart**
One E. Camelback Road, Suite 300
Phoenix, AZ 85012-1677
Telephone:  (602) 265-3332
Facsimile:   (602) 230-4482

Attorneys for the Plaintiff
Timothy Walter

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Timothy Walter<br><br>                    Plaintiff,<br>v.<br><br>Allied Interstate, Inc.<br><br>                    Defendant. | **Case Number:**<br><br>**Complaint For Damages**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.  Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt

collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. Timothy Walter, (Plaintiff), through Plaintiff's attorneys, brings this action to challenge the actions of Allied Interstate, Inc., ("Defendant"), with regard to attempts by Defendant to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

3. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

4. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

5. Unless otherwise stated, Plaintiff alleges that any violations by Defendant were knowing and intentional, and that Defendant did not maintain procedures reasonably adapted to avoid any such violation.

## JURISDICTION AND VENUE

6. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for any supplemental state claims.

7. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA")

8. Because Defendant does business within the State of Arizona, personal jurisdiction is established.

9. Venue is proper pursuant to 28 U.S.C. § 1391.

## PARTIES

10. Plaintiff is a natural person who resides in the City of Chandler, County of Maricopa, State of Arizona.

11. Defendant is located in the City of Plymouth, the County of Hennepin, and the State of Minnesota.

12. Plaintiff is obligated or allegedly obligated to pay a debt, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

13. Defendant is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by 15 U.S.C. § 1692a(6).

**FACTUAL ALLEGATIONS**

14. At all times relevant to this matter, Plaintiff was an individual residing within the State of Arizona.

15. At all times relevant, Defendant conducted business within the State of Arizona.

16. Sometime before December 2008, Plaintiff is alleged to have incurred certain financial obligations.

17. These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

18. Sometime thereafter, but before December, 2008, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt. Plaintiff currently takes no position as to the validity of this alleged debt.

19. Subsequently, but before December 2008, the alleged debt was assigned, placed, or otherwise transferred, to Defendant for collection.

20. On or about late 2008, Defendant began calling Plaintiff in an attempt to collect an alleged student loan debt.

21. This communication to Plaintiff was a "communication" as that term is defined by 15 U.S.C. § 1692a(2), and an "initial communication" consistent with 15 U.S.C. § 1692g(a).

22. During the first communication with Defendant's agent Victoria Johnson, Plaintiff requested something in writing regarding the debt.

23. Defendant then failed within five days after its initial communication with Plaintiff, to provide written notification containing a statement that unless Plaintiff, within thirty days after receipt of that notice, disputed the validity of the debt, or any portion thereof, Defendant would assume the debt was valid, or failed within five days after its initial communication with Plaintiff to provide a written notice containing a statement that if Plaintiff notified Defendant in writing, within the thirty-day period that the debt, or any portion thereof, was disputed, Defendant would obtain verification of the debt or a copy of a judgment against Plaintiff and a copy of such verification or judgment would be mailed to Plaintiff by Defendant and that Defendant would provide Plaintiff with the name and address of the original creditor. This omission by Defendant violated 15 U.S.C. § 1692g.

24. Sometime in late 2008, Defendant attempted to call Plaintiff at his place of employment in an attempt to collect the alleged debt.

25. During this conversation with Defendant, Plaintiff advised Defendant that Plaintiff's employer prohibited Plaintiff from receiving such communications at Plaintiff's place of employment in a manner consistent with 15 U.S.C. §1692c(a)(3), and also advised Defendant that calls at Plaintiff's place of employment was inconvenient, as prescribed in 15 U.S.C. §1692c(a)(1).

26. On or about February 2009, Defendant's agent Victoria Johnson continues to call Plaintiff. During these phone conversations, Defendant routinely and repeatedly threatens litigation for the alleged debt.

27. The natural consequence of this conduct was to harass, oppress, or abuse Plaintiff and it therefore violated 15 U.S.C. § 1692d.

28. These statements by Defendant were a false, deceptive, or misleading representation or means in connection with the collection of the alleged debt.

As such, these actions by Defendant violated 15 U.S.C. §§ 1692e and 1692e(10).

29. These statements also represented the threat to take action that Defendant could not legally take or that Defendant did not intend to take, and violated 15 U.S.C. § 1692e(5).

30. This call was also an unfair or unconscionable means to collect or attempt to collect a debt. Consequently, Defendant violated 15 U.S.C. § 1692f.

31. On or about March 2009, Defendant's agent, Victoria Johnson, again calls Plaintiff's place of employment in an attempt to collect the debt.

32. Because Defendant knew or had reason to know that the Plaintiff's employer prohibits Plaintiff from receiving such communications and that such calls were inconvenient, this action by Defendant violated 15 U.S.C. § 1692c(a)(1) and 15 U.S.C. § 1692c(a)(3).

33. During this conversation, Plaintiff again requests not to be called at work in a manner consistent with 15 U.S.C. §1692c(a)(3), and 15 U.S.C. §1692c(a)(1).

34. In reply to this Defendant's agent states, "Fine this is out of my hands now, Sallie Mae and I both want you sued!" Defendant then hangs up on Plaintiff.

35. The natural consequence of this conduct was to harass, oppress, or abuse Plaintiff and it therefore violated 15 U.S.C. § 1692d.

36. These statements by Defendant were a false, deceptive, or misleading representation or means in connection with the collection of the alleged debt. As such, these actions by Defendant violated 15 U.S.C. §§ 1692e and 1692e(10).

37. These statements also represented the threat to take action that Defendant could not legally take or that Defendant did not intend to take, and violated 15 U.S.C. § 1692e(5).

38. This call was also an unfair or unconscionable means to collect or attempt to collect a debt. Consequently, Defendant violated 15 U.S.C. § 1692f.

39. When Plaintiff immediately attempted to call back Defendant's agent Victoria Johnson, she would answer the phone, and scream "Stop Calling!!!" Then she would terminate the call again.

40. The natural consequence of this conduct was to harass, oppress, or abuse Plaintiff and it therefore violated 15 U.S.C. § 1692d.

41. This call was also an unfair or unconscionable means to collect or attempt to collect a debt. Consequently, Defendant violated 15 U.S.C. § 1692f.

42. Throughout the month of April 2009, Defendant's agent, Victoria Johnson, continues to call Plaintiff in an attempt to collect the alleged debt. During these calls, Defendant routinely and repeatedly threatens litigation for the alleged debt.

43. The natural consequence of this conduct was to harass, oppress, or abuse Plaintiff and it therefore violated 15 U.S.C. § 1692d.

44. These statements by Defendant were a false, deceptive, or misleading representation or means in connection with the collection of the alleged debt. As such, these actions by Defendant violated 15 U.S.C. §§ 1692e and 1692e(10).

45. These statements also represented the threat to take action that Defendant could not legally take or that Defendant did not intend to take, and violated 15 U.S.C. § 1692e(5).

46. This call was also an unfair or unconscionable means to collect or attempt to collect a debt. Consequently, Defendant violated 15 U.S.C. § 1692f.

47. Sometime in May of 2009, During a call from Defendant's agent, Plaintiff explains he does not have the money to pay this alleged debt because he is planning a wedding. In response to this, Defendant's agent Victoria Johnson states, "You shouldn't get married if you cannot pay your bills!"

48. The natural consequence of this conduct was to harass, oppress, or abuse Plaintiff and it therefore violated 15 U.S.C. § 1692d.

49. This call was also an unfair or unconscionable means to collect or attempt to collect a debt. Consequently, Defendant violated 15 U.S.C. § 1692f.

50. Beginning in September of 2009, Defendant's agent Ryan begins calling Plaintiff in an attempt to collect the alleged debt.

51. During the month of November 2009, Defendant's agent starts giving Plaintiff weekly deadlines to pay the balance due, or the account will be placed in litigation.

52. The natural consequence of this conduct was to harass, oppress, or abuse Plaintiff and it therefore violated 15 U.S.C. § 1692d.

53. These statements by Defendant were a false, deceptive, or misleading representation or means in connection with the collection of the alleged debt. As such, these actions by Defendant violated 15 U.S.C. §§ 1692e and 1692e(10).

54. These statements also represented the threat to take action that Defendant could not legally take or that Defendant did not intend to take, and violated 15 U.S.C. § 1692e(5).

55. These statements were also an unfair or unconscionable means to collect or attempt to collect a debt. Consequently, Defendant violated 15 U.S.C. § 1692f.

56. After each "deadline" passed, Defendant's agent would call back and give Plaintiff a new deadline.

57. These statements represented the threat to take action that Defendant did not intend to take, and violated 15 U.S.C. § 1692e(5).

58. In December of 2009, Defendant's agent Ryan would call Plaintiff and leave voicemails for Plaintiff, leaving the same threats of litigation, wage garnishment, bank levies, and false deadlines.

59. The natural consequence of this conduct was to harass, oppress, or abuse Plaintiff and it therefore violated 15 U.S.C. § 1692d.

60. These statements by Defendant were a false, deceptive, or misleading representation or means in connection with the collection of the alleged debt. As such, these actions by Defendant violated 15 U.S.C. §§ 1692e and 1692e(10).

61. These statements also represented the threat to take action that Defendant could not legally take or that Defendant did not intend to take, and violated 15 U.S.C. § 1692e(5).

62. This call was also an unfair or unconscionable means to collect or attempt to collect a debt. Consequently, Defendant violated 15 U.S.C. § 1692f.

63. On or about December 18, 2009, Defendant's agent called Plaintiff and left the following voicemail, "Yeah Tim this is Ryan again at Allied Interstate calling in regards to your debt that we've talked about. This will be the last time I try to attempt to contact you since you are not returning my calls. I am going to forward this account to litigation. You'll be facing wage garnishment, liens on houses, levy of bank funds, etc. etc. etc. I'm gonna be mailing out that letter today. In order to stop those efforts that we are going to be doing now, since you are not returning my calls, you have until eleven o'clock tomorrow morning to return my call to 866-425-9177. If I do not hear from you by eleven o'clock at 866-425-9177 then I will assume you want to do this on an *involuntary* basis and I will have no problem making the recommendation. Have a good day."

64. The natural consequence of this conduct was to harass, oppress, or abuse Plaintiff and it therefore violated 15 U.S.C. § 1692d.

65. These statements by Defendant were a false, deceptive, or misleading representation or means in connection with the collection of the alleged debt. As such, these actions by Defendant violated 15 U.S.C. §§ 1692e and 1692e(10).

66. These statements also represented the threat to take action that Defendant could not legally take or that Defendant did not intend to take, and violated 15 U.S.C. § 1692e(5).

67. This call was also an unfair or unconscionable means to collect or attempt to collect a debt. Consequently, Defendant violated 15 U.S.C. § 1692f.

68. Throughout the months of December and January, Defendant's agent Ryan left several similar voicemails for Plaintiff setting false deadlines and threatening litigation.

69. The natural consequence of this conduct was to harass, oppress, or abuse Plaintiff and it therefore violated 15 U.S.C. § 1692d.

70. These statements by Defendant were a false, deceptive, or misleading representation or means in connection with the collection of the alleged debt. As such, these actions by Defendant violated 15 U.S.C. §§ 1692e and 1692e(10).

71. These statements also represented the threat to take action that Defendant could not legally take or that Defendant did not intend to take, and violated 15 U.S.C. § 1692e(5).

72. These calls were also an unfair or unconscionable means to collect or attempt to collect a debt. Consequently, Defendant violated 15 U.S.C. § 1692f.

73. After each "deadline" passed, Defendant's agent would call back and give Plaintiff a new deadline.

74. These statements represented the threat to take action that Defendant did not intend to take, and violated 15 U.S.C. § 1692e(5).

75. On or about January 15, 2010, Defendant's agent Ryan called Plaintiff at his place of employment in an attempt to collect the alleged debt.

76. Because Defendant knew or had reason to know that the Plaintiff's employer prohibits Plaintiff from receiving such communications and that such calls

were inconvenient, this action by Defendant violated 15 U.S.C. § 1692c(a)(1) and 15 U.S.C. § 1692c(a)(3).

77. During this conversation, Plaintiff again requested Defendant not call his place of employment. In response to this Defendant's agent stated, "Well you have left me no choice by not returning my calls, I have to call you here."

78. The natural consequence of this conduct was to harass, oppress, or abuse Plaintiff and it therefore violated 15 U.S.C. § 1692d.

79. These statements by Defendant were a false, deceptive, or misleading representation or means in connection with the collection of the alleged debt. As such, these actions by Defendant violated 15 U.S.C. §§ 1692e and 1692e(10).

80. These statements also represented the threat to take action that Defendant could not legally take or that Defendant did not intend to take, and violated 15 U.S.C. § 1692e(5).

81. This call was also an unfair or unconscionable means to collect or attempt to collect a debt. Consequently, Defendant violated 15 U.S.C. § 1692f.

82. Due to Defendant's abusive actions over an entire year, overwhelmed Plaintiff, causing him to suffer a great deal of emotional distress and mental anguish in the form of nervousness, anxiety, and depression significantly impacting his job, and personal relationships. This also resulted in wage loss, and missed time from work.

## CAUSES OF ACTION

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §§ 1692 ET SEQ.

83. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

84. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

85. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

### COUNT I
### FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §§ 1692 ET SEQ.

86. An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

87. An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

88. An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3).

### TRIAL BY JURY

89. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Date: January 21, 2010               **Hyde & Swigart**

                                     By: __/s/ David J. McGlothlin__
                                     David J. McGlothlin
                                     Attorney for the Plaintiff